FILED

2018 MAY 21 AM 11:38

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MORGAN MICHELLE MUNSON and
CHRISTOPHER EDWARD MUNSON,

    Plaintiffs,

v.

INSYS THERAPEUTICS, INC., and
LINDEN CARE, LLC,

    Defendants.

_____/

Case No.: 3:18CV660-J-32PDB

State Case No.: 16-2018-CA-002146

## NOTICE OF REMOVAL

Defendant Insys Therapeutics, Inc. ("Insys") hereby removes this Action from the Circuit Court in and for the Fourth Judicial Circuit, Duval County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division, based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441(a), and 1446(b). In support of removal, Insys states as follows:

### I.    Procedural Background and Relevant Facts.

1.    On April 4, 2018, Plaintiffs commenced this civil action in the Circuit Court in and for the Fourth Judicial Circuit, Duval County, Florida, by filing a Complaint captioned *Morgan Michelle Munson and Christopher Edward Munson v. Insys Therapeutics, Inc., et al.* No. 2018-CA-002146.

2.    In the Complaint, Plaintiffs allege that Mrs. Munson suffered injuries while using SUBSYS®, a prescription pain medicine. Plaintiffs allege that Insys manufactured Subsys and that Defendant Linden Care, LLC distributed Subsys.

1

## II. The Notice of Removal Is Timely.

3. Plaintiffs filed the state court action on April 4, 2018.[1] Insys has not been served. Accordingly, removal is timely pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (removal is timely when filed no later than 30 days after formal service of the complaint).

## III. Complete Diversity of Citizenship Exists.

4. Removal of this case is permitted under 28 U.S.C. § 1441(b) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).

5. Plaintiffs are, and at the time of filing this action were, Florida citizens. As alleged in the Complaint, "Plaintiffs are citizens and residents of Duval County, Florida." Compl. ¶ 1. Accordingly, Plaintiffs are citizens of Florida for purposes of diversity jurisdiction.

6. Insys is, and was at the time of this action's filing, a Delaware corporation with its principal place of business in Arizona. *See* Compl. ¶ 2. Therefore, Insys is a citizen of Delaware and Arizona. *See* 28 U.S.C. § 1332(c).

7. Defendant Linden Care, LLC is, and was at the time of this action's filing, a limited liability company comprised of only two members, Linden Care, Inc. and Linden Care Holdings, Inc., both of which are Delaware corporations with principal places of business in New York. Accordingly, Linden Care, LLC is a citizen of Delaware and New

---

[1] Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Insys, which papers include the Complaint, are attached collectively as Exhibit A. On the same date that Plaintiffs filed this case, they filed another identical complaint in the Fourth Judicial Circuit, which was filed under Case No. 16-2018-CA-002135. The state court closed this duplicate filing on April 16, 2016 as repetitive of the instant case.

York for the purpose of determining subject matter jurisdiction pursuant to 28 U.S.C. § 1332(c)(1). Thus, there is complete diversity of citizenship between Plaintiffs (citizens of Florida) and Defendants (citizens of Arizona, Delaware, and New York). *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.").

8. Defendant Linden Care, LLC consents to the removal of this case to this Court. *See* Written Consent to Removal, attached as <u>Exhibit B</u>.

**IV. <u>The Amount in Controversy Is Met</u>.**

9. The amount in controversy exceeds $75,000, exclusive of interest and costs.

10. In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014), the U.S. Supreme Court held that a defendant may properly remove an action based upon the following principles:

- a defendant "need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold," *id.* at 554 (emphasis added),

- the defendant "may *simply allege or assert* that the jurisdictional threshold has been met" under a standard of pleading only "'a short and plain statement of the grounds for removal,'" *id.* at 553-54 (quoting 28 U.S.C. § 1446(a)) (emphasis added), and

- once alleged, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553.

11. The *Dart* standard permits a defendant to remove with a simple pleading that asserts a "plausible allegation" that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Ellison v. Coca-Cola Refreshments USA, Inc.*, 215CV00246FTM29-MRM, 2015 WL 6769449, at *1 (M.D. Fla. 2015) (citing *Dart* and

explaining that "[a] Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount"); *Schaefer v. Seattle Serv. Bureau, Inc.*, 2:15-CV-444-FTM-38CM, 2015 WL 6746614, at *3 (M.D. Fla. 2015) (citing *Dart* and explaining that "[a]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions"). This allegation is presumed correct. Then, only if challenged, *Dart* holds that the proper procedure is that "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." 135 S. Ct. at 554. Notably, if remand is sought:

> Discovery may be taken with regard to that question [of whether the jurisdictional threshold is met]. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.
>
> Of course, a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal containing those allegations.

*Id.* (emphasis in original) (internal quotation marks omitted).

12. Here, the amount-in-controversy requirement for diversity jurisdiction is satisfied because it is clear from the face of Plaintiffs' Complaint that Plaintiffs allege more than $75,000 in damages. Although the Complaint does not specify the amount of damages sought, the allegations make it clear that the amount in controversy exceeds the jurisdictional threshold. *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (holding that the amount in controversy is met where it is "facially apparent" from the complaint that the jurisdictional minimum is exceeded). District courts need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other

document, establishes the jurisdictional amount." *Id.* at 770. In conducting this analysis, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

13. Insys denies that it caused Plaintiffs' alleged injuries. Nonetheless, in light of the alleged severity of the injuries that Plaintiffs describe in the Complaint, it is "facially apparent" that the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs. In particular, the Complaint alleges that Mrs. Munson suffered the "adverse health effects" of Subsys for four years despite her "complaints" about her condition. *See* Compl. ¶¶ 82, 91, 93, 98. The Complaint further alleges that Mrs. Munson has endured substantial injuries, which she alleges are permanent, including physical pain and suffering, future life care expenses, "past and future permanent physical impairment," medical and health care expenses, loss of enjoyment of life, loss of earning capacity, and mental anguish. *Id.* ¶¶ 106, 115, 123, 128, 130, 136, 140. Overall, Plaintiffs seek both economic and non-economic damages, for both past and future harms, stemming from the four-year period of treatment. *See id.*

14. Allegations of severe injuries in a product-liability action demonstrate that the damages at issue exceed the jurisdictional amount. In fact, "$75,000 is much lower than the amounts Florida juries routinely award plaintiffs in product personal injury suits." *Mullaney v. Endogastric Sols., Inc.*, No. 11-62056-CIV, 2011 WL 4975904, at *2 (S.D. Fla. Oct. 19, 2011). Additionally, allegations of permanent injury, disability, and loss of enjoyment of life—when viewed together—support an amount-in-controversy exceeding $75,000. *See*

114473822.2

*Taylor v. Tractor Supply Co.*, No. 2:14-CV-555-FTM-29, 2014 WL 5473558, at *1 (M.D. Fla. Oct. 28, 2014); *Yetter v. Amica Mut. Ins. Co.*, No. 6:13-CV-972-ORL-31, 2013 WL 3837185, at *2 (M.D. Fla. July 24, 2013).

15. Therefore, in light of the alleged severity of the injuries and the magnitude of the claimed damages set forth in the Complaint, it is "facially apparent" that the amount in controversy exceeds $75,000, exclusive of interest and costs, *see Pretka*, 608 F.3d at 757-60, and Insys sufficiently alleges the basis for diversity jurisdiction at the notice-of-removal stage. *See Dart*, 135 S. Ct. at 553; *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1295 (11th Cir. 2009) (holding that the trial court cannot *sua sponte* remand a case as long as the removing party pleads the general basis for diversity jurisdiction).

V.   **The Removal Is Otherwise Proper.**

16. As required by 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being served upon counsel for Plaintiffs and Insys is filing a copy of this Notice of Removal with the Clerk of Court for the Circuit Court for the Fourth Judicial Circuit in and for Duval County, Florida. A copy of the Notice of Filing Notice of Removal is attached within Exhibit A.

20. Venue is proper in the Jacksonville Division of the Middle District of Florida, under 28 U.S.C. § 1441(a) and Local Rule 1.02(b)(1) because the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida is within the Jacksonville Division.

**WHEREFORE**, Insys respectfully removes this action from the Circuit Court of the Fourth Judicial Circuit in and for Duval County to the United States District Court for the Middle District of Florida, Jacksonville Division.

114473822.2

**CARLTON FIELDS JORDEN BURT, P.A.**

/s/ David J. Walz
Adam P. Schwartz – Trial Counsel
Florida Bar Number: 83178
aschwartz@carltonfields.com
David J. Walz
Florida Bar Number: 697273
dwalz@carltonfields.com
4221 W. Boy Scout Boulevard
Tampa, FL 33607
Tel: 813-223-7000
Fax: 813-229-4133

*Counsel for Defendant Insys Therapeutics, Inc.*

## CERTIFICATE OF SERVICE

I CERTIFY that on May 21, 2018, a true and correct copy of the foregoing was mailed to:

J. Clancey Bounds
Bounds Law Group
1751 N. Park Avenue
Maitland, FL 32751
*Counsel for Plaintiffs*

Kevin G. Mercer
Wicker Smith O'Hara McCoy & Ford, P.A.
50 N. Laura St., Suite 2700
Jacksonville, FL 32202
*Counsel for Linden Care, LLC*

/s/ David J. Walz
Attorney

7

114473822.2